IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE PEQUENO-GARCIA (BOP Register No. 33540-177), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-867-L-BN |
| ADRIAN ZARATE, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Plaintiff Jose Pequeno-Garcia's complaint with prejudice.

**Applicable Background**

Plaintiff, currently a federal inmate, brings this action against employees at Big Spring Correctional Center ("BSCC"), seeking monetary damages and alleging that his constitutional rights were violated when defendants unlawfully detained him for some 375 days, from October 14, 2008 to October 23, 2009. *See* Dkt. Nos. 3 & 4.

Perhaps recognizing the staleness of this allegation, Plaintiff asserts that from October 23, 2009 to April 6, 2010 (the date he was deported to Mexico), "he remained unlawfully detained in Haskell ('INS') Texas" and further asserts that, because he

-1-

feared cartel violence in Mexico, he reentered the United States in February 2013, was arrested in May 2015, and is currently serving a sentence presumably related to that illegal reentry. Dkt. No. 4 at 7-8 (concluding that, because of this history, "for purposes of the statute of limitation[s] and the filing of this action, Plaintiff's present civil action under § 1983 is ... timely filed").

## Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (a district court may summarily dismiss any complaint filed *in forma pauperis* for the same reasons).

And, if "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

Regardless whether civil rights claims against government actors are asserted under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), "[b]ecause there is no federal statute of limitations for § 1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state," *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) (per curiam) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Gartrell*, 981 F.2d at 256).

Plaintiff's claims are therefore governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years" (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("our cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001))).

And "Texas's equitable tolling principles control this litigation." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (per curiam) (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)); *see also Gartrell*, 981 F.2d at 257 ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the

doctrine sparingly." *Myers*, 464 F. App'x at 349 (citations and internal quotation marks omitted); *but see Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly.").

Plaintiff's complaint clearly reflects that his claim for unlawful detention, which allegedly ended in October 2009, is barred by the applicable two-year statute of limitations.

That claim accrued no later than October 23, 2009, the date that Plaintiff alleges he was released from BSCC. *See Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) ("Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); internal quotation marks omitted). The two-year limitations period therefore began to run no later than October 23, 2009, "'the moment [Plaintiff became] aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby*, 577 F. App'x at 331-32 ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418

(5th Cir. 1989))).

Plaintiff appears to raise his incarceration as a ground to toll the limitations period. *See* Dkt. No. 4 at 7-8. But, "[a]lthough Texas law formerly considered imprisonment to be a disability that tolled the running of the statute of limitations, that is no longer the case." *Gartrell*, 981 F.2d at 257 (citation omitted). Neither does Plaintiff's deportation to Mexico toll the limitations period. *See, e.g., Zambuto v. Cty. of Broward*, No. 08-61561-CIV, 2010 WL 2162893, at *1 (S.D. Fla. May 26, 2010) ("[A]ll of the claims regarding his treatment up through September 30, 2004 are time-barred. Plaintiff's removal from this country did not cause any statute of limitations to be tolled. The filing of this lawsuit does not resurrect those claims." (footnote omitted)).

Finally, although it does not appear that Plaintiff has pursued administrative remedies as to his allegations, if exhaustion of those remedies is required under 42 U.S.C. § 1997e(a), the undersigned recognizes that generally "[t]he statute of limitations is tolled while a prisoner fulfills [Section] 1997e's administrative exhaustion requirement." *Starks*, 295 F. App'x at 665 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)). But Plaintiff should not be allowed to revive this clearly time-barred action by pursuing administrative remedies at this late date, as "42 U.S.C. § 1997e(a) merely requires a prisoner to exhaust administrative remedies prior to filing suit. [And, unlike a statute of limitations, i]t does not serve as any jurisdictional bar." *Fairbanks v. Jones*, No. SA02CA0582-XR, 2003 WL 22324893, at *2 (W.D. Tex. Oct. 1, 2003) (citing *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.

1998)).

The pursuit of administrative exhaustion, moreover, "does not mean the statute of limitations should be tolled indefinitely…. Rather, a prisoner seeking to avail himself of tolling must act with diligence, and he has the burden of coming forward with specific facts that will support tolling." *Ritter v. Reinke*, No. 1:13-cv-00509-BLW, 2017 WL 1138136, at *9 (D. Idaho Mar. 27, 2017) (concluding that, "[o]therwise, an inmate could eternally delay filing a lawsuit based on[, for example,] conclusory, general assertions that prison staff is mishandling his concern form or grievance, or that he is waiting for the prison to respond to some outstanding grievance" (citing *Feliciano v. Dohman*, No. Civ. A. 12-4713, 2014 WL 6473275, at *9 (E.D. Pa. Nov. 18, 2014) ("Allowing Plaintiff to rely on a failed [grievance] filing – whether it resulted from his or Defendants' missteps – to permanently toll the statute of limitations on initiating a civil action would create an unreasonable outcome."), *aff'd*, 645 F. App'x 153 (3d Cir. 2016) (per curiam)); citation omitted).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 4, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE